IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NA'SHAYE DAVIS )
)
      **Plaintiff,** )
) No.
Vs. )
)
THE CHICAGO TRANSIT AUTHORITY )

## PLAINTIFF'S COMPLAINT AT LAW

### Introduction

1. Plaintiff, NA'SHAYE DAVIS, brings this action pursuant to The Americans With Disabilities Act of 1990. Plaintiff contends that the Defendant's officials discriminated against her on the basis of her documented disability of major depression by forcing her to return to work as a bus driver for the Defendant.

### Jurisdiction

2. This Court has jurisdiction over the subject matter of this civil action pursuant to The Americans With Disabilities Act, 42 USC §12182, *et seq.* which states, in pertinent part, as follows:

    The Congress finds that—

    (1) physical or mental disabilities in no way diminish a person's right to fully participate in all aspects of society, yet many people with physical or mental disabilities have been precluded from doing so because of discrimination; others who have a record of a disability or are regarded as having a disability also have been subjected to discrimination;

    (2) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

    (3) discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(4) unlike individuals who have experienced discrimination on the basis of race, color, sex, national origin, religion, or age, individuals who have experienced discrimination on the basis of disability have often had no legal recourse to redress such discrimination;

(5) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities;

(6) census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally;

(7) the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals; and

(8) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

## Venue

3. Venue is proper in this judicial district under 28 USC§1391 as Plaintiff is employed by the Chicago Transit Authority (hereafter "CTA") at the time of the discrimination and plaintiff's employment records are maintained by the CTA in this judicial district, and decisions adverse to Plaintiff's employment that are the subject of this civil action were made in this judicial district.

## Parties

4. Plaintiff, NA'SHAYE DAVIS, is a female of American heritage and ancestry who is a citizen of the United States and a resident of the town of Park Forest, Illinois. At all times relevant to this suit she was employed by the CTA in the City of Chicago, Illinois.

5. Defendant, CTA is a transportation corporation that is located in the City of Chicago, Illinois.

## Statement of Facts

6. On or about April 26, 2017, the Plaintiff was first diagnosed with Major Depressive Disorder.

7. The records of The Reed Corporation, one of the CTA's contractors, advised the CTA that the Plaintiff suffered from depressive and anxiety disorders.

8. On April 11, 2016, the CTA hired the Plaintiff as a bus operator.

9. In September 2022, the Plaintiff applied to the CTA for a promotion to the position of window clerk.

10. On or about October 7, 2022 the Plaintiff had not been told whether she passed or failed the promotion test, so she said, "what's taking so long?" and asked business manager Malcolm Coles about the status of her application.

11. On October 7, 2022 immediately after being told that she passed, she was advised that that was mistake due to what the CTA called a "clerical error" and that she had not passed.

12. This was quite upsetting to the Plaintiff and as a result, she had an emotional breakdown.

13. Thereafter, the Plaintiff took a leave of absence from beginning on May 10, 2023.

14. During that time, however, the Defendant attempted to force the Plaintiff to return to work.

15. As such, on or about July 7, 2023 the Plaintiff returned to work as a bus driver for the Defendant.

16. As of the present day, the Plaintiff still suffers from depression and anxiety disorder.

17. From May 10, 2023 to the present, the Defendant discriminated against the Plaintiff in one or more of the following ways:

    a. Notwithstanding its knowledge of the Plaintiff's disabilities, it allowed incorrect information regarding the Plaintiff's promotion status to be communicated to the Plaintiff, which caused a relapse of her mental disability;

    b. The Defendant never allowed the Plaintiff to see the correct results of her promotion examination, which caused a relapse of her mental disability;

    c. Notwithstanding its knowledge of the Plaintiff's disabilities, while the Plaintiff was on her medical leave of absence the Defendant impermissibly pressured the Plaintiff to return to work, which caused a relapse of her mental disability, including forcing her to release all of her personal medical records from her doctor's notes in order for her to be paid.

   d. The Defendant has continued to not allow the Plaintiff from seeing the results of her promotion examination, continuing to cause relapses of her mental disability.

17. As a direct and proximate result of one or more discriminatory acts and/or omissions the Plaintiff sustained personal and pecuniary losses in that she suffered harassment and humiliation due to the Defendant's discriminatory conduct.

20. The Defendant's conduct as alleged at length herein constitutes discrimination based on the plaintiff's disability, all in violation of The Americans With Disabilities Act. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretextual to hide the Defendant's discriminatory animus, in particular, its intentional discrimination against the Plaintiff due to her mental disability.

## EEOC CHARGE OF DISCRIMINATION/DETERMINATION AND NOTICE OF RIGHTS

21. On December 28, 2023 the Plaintiff filed her "Charge of Discrimination" with the Equal Employment Opportunity Commission (EEOC). A copy of the filed Charge is attached hereto and is labelled ***Exhibit A.***

22. On December 29, 2023 the EEOC issued to the Plaintiff its "Determination and Notice of Rights" that stated that "your lawsuit must be filed within 90 DAYS of your receipt of this notice." A copy of the Determination letter is attached hereto and is labelled ***Exhibit B.***

## Prayer for Relief

Accordingly, the Plaintiff prays that the Defendants be cited to appear and to answer in this action, and that upon the evidence, the finding of the jury and applicable law. The court enter judgment as follows:

23. A verdict in the Plaintiff's favor and against the Defendant in an amount in excess of $75,000.00 to compensate the Plaintiff for her pecuniary and emotional damages;

24. A verdict in the Plaintiff's favor and against the Defendant in an amount equal to her attorney's fees and the attorney's taxable costs;

25. An order to the Defendant requiring it to immediately stop the harassment and humiliation of the Plaintiff;

NA'SHAYE DAVIS

By: /s/ Scott Skaletsky

**Scott Skaletsky**
**The Law Offices of Scott Skaletsky, LLC**

840 Ridgefield Lane
Buffalo Grove, IL 60089
(312) 217-6022
ARDC #6181405
sska67@gmail.com